NO. 07-01-0219-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 18, 2001



______________________________




SOTERO BENAVIDES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 95-2274; HONORABLE GEORGE HANSARD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Sotero Benavides filed a notice of appeal from the trial court's order
revoking his community supervision and sentencing him to two years confinement in the
Institutional Division of the Department of Criminal Justice. We previously abated this
appeal to the trial court because we had not received a clerk's record or a reporter's
record. The court reporter also notified this court that there had been no designation of
the record, and appellant had not paid or made arrangements to pay for the record. 
Further, the attorney who represented appellant at trial executed an affidavit stating that,
although he filed the notice of appeal, he had neither been hired by appellant to represent
him nor been appointed by the court to represent him. 

 As a result of that abatement, appellant has signed an affidavit, which has been
included in a clerk's record, indicating that he does not wish to pursue his appeal. 
Although appellant has not complied with the technical requirements of Rule 42.2(a) of the
Rules of Appellate Procedure which call for the filing of a written withdrawal with this court,
we believe appellant has substantially complied with the requirements or, in the
alternative, we have the authority, pursuant to Rule 2 of the Rules of Appellate Procedure,
to suspend the operation of Rule 42.2(a) for this appeal only, and find that appellant has
voluntarily dismissed his appeal by virtue of his affidavit. 

 Therefore, because the record shows appellant no longer desires to pursue his
appeal, it is hereby dismissed.


 John T. Boyd

 Chief Justice


Do not publish.



true" Name="heading 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00032-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
5, 2010

 



 

ARSENIO PETTY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 16TH DISTRICT COURT OF DENTON
COUNTY;

 

NO. F-2009-0413-A; HONORABLE CARMEN RIVERA-WORLEY, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ON MOTION TO ABATE AND REMAND

 

 

Pending before the court is Arsenio Pettys motion to abate and remand the appeal so
that the trial court can enter findings pursuant to article 38.22 of the Texas
Code of Criminal Procedure.  We grant the
motion.

When a trial court fails to make
findings of fact and conclusions of law in compliance with article 38.22,
section 6, of the Texas Code of Criminal Procedure, we must abate the appeal
and remand the cause to permit it to comply with the statute.  See Tex.
Code Crim. Proc. Ann. art.
38.22, § 6 (Vernon 2005).  Because, in the present case, the trial court
overruled appellant's complaints about the voluntariness of his statement, the
requirements of article 38.22, section 6, of the Texas Code of Criminal
Procedure were triggered here.  Id.  Thus, abatement and remand is necessary.  Urias v.
State, 155 S.W.3d 141, 142 (Tex.Crim.App. 2005)
(noting the mandatory nature of art. 38.22, § 6, and requiring a trial court to
file findings of fact and conclusions of law regardless of whether the
defendant requested them or objected to their absence); Wicker v. State,
740 S.W.2d 779, 783 (Tex.Crim.App. 1987) (holding the
same).

Accordingly, this appeal is abated
and the cause is remanded to the trial court. 
The trial court is directed to take all steps reasonably necessary to
comply with article 38.22, section 6, of the Texas Code of Criminal Procedure,
which steps include the creation of pertinent findings of fact and conclusions
of law addressing the voluntariness of appellant's statements and its decision
to reject the challenge posed by appellant. 
The trial court is further ordered to undertake all steps reasonably
necessary to ensure that complete reporter's and clerk's records of this cause
are developed and filed with this Court. 
These records are to include the aforementioned findings of fact and
conclusions of law.  Furthermore, each of
the actions we direct the trial court to undertake must be performed by June 4,
2010, unless that deadline is extended by this Court.  Further, the trial court is directed to
ensure that both the complete clerk's and reporter's records in this cause are
filed with this Court by the same date.

 

The cause is abated and remanded to
the trial court for further proceedings in accordance with this order.

 

Per Curiam

 

Do not publish.